IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY L. McGEE, #2173658, | § § § § § § § § § § § | |
| Petitioner, | | |
| v. | | No. 3:23-cv-00560-D (BT) |
| BRYAN COLLIER, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Rickey L. McGee, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court should transfer McGee's habeas petition to the Fifth Circuit Court of Appeals as successive.

I.

McGee was convicted on two counts of aggravated robbery with a deadly weapon, enhanced by two prior felony convictions. *See State v. McGee*, F-1634499-H, F-1634511-H (Crim. Dist. Ct. No. 1, Dallas Cnty.). He was sentenced to sixty years' imprisonment.

McGee appealed his convictions and sentence, and the Texas Court of Criminal Appeals (CCA) affirmed. *See McGee v. State*, Nos. 05-18-00473-CR and 05-18-00474-CR, 2019 WL 2366465 (Tex. App. —Dallas 2019, pet. ref'd). He filed a petition for discretionary review (PDR), but it was refused

on August 21, 2019. *McGee v. State*, PDR Nos. 0686-19 & 0687-19 (Tex. Crim. App. Aug. 21, 2019).

McGee filed two state habeas applications, one for each conviction. The CCA denied the petitions without a written order on March 11, 2020. *See Ex parte McGee*, WR-87,949-06,07 (Tex. Crim. App. Mar. 11, 2020). He then sought leave to file a writ of mandamus, but the CCA denied the request. *See Ex parte McGee*, WR-87-949-08 (Tex. Crim. App. Mar. 11, 2020). Thereafter, McGee filed subsequent state habeas applications, but they were dismissed without a written order. *See Ex parte McGee*, WR-87-949-09, 10 (Tex. Crim. App. Sept. 2, 2020).

Then, on May 19, 2020, McGee filed his first § 2254 petition in this Court. *See McGee v. Director, TDCJ-CID*, No. 3:20-cv-1415-X-BN. The magistrate judge issued findings and conclusions, recommending the § 2254 petition be denied. The Court denied McGee's request for habeas relief with prejudice, denied a certificate of appealability (COA), and entered judgment on February 28, 2022.

In his current petition, McGee argues: (1) his trial counsel provided ineffective assistance of counsel; (2) his appellate counsel provided ineffective assistance of counsel; (3) the evidence against him was insufficient, and this amounted to a due process violation; and (4) the prosecutor engaged in prosecutorial misconduct. As relief, he seeks to be "released due to [his] innocence." Pet. 7 (ECF No. 3).

2

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). To raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a three-judge panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is deemed successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). However, a second petition is not successive when the first petition was dismissed due to prematurity or for lack of exhaustion. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). This is so because "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

3

McGee's first petition was denied, and he concedes that he previously filed a § 2254 petition that was addressed by the Court. *See* Pet. 8 (ECF No. 3). McGee's new claims should have and could have been addressed in his first petition. McGee fails to demonstrate that his claims were not available to him at the time he filed his first petition in May 2020. *See Hardemon*, 516 F.3d at 275. Rather, it appears the alleged errors McGee raises in his petition were previously known to him. For example, he argues that his trial counsel provided ineffective assistance of counsel when they failed to present crucial evidence. There is no indication in the petition that this claim was not available to McGee when he filed his first petition.

In sum, McGee raises claims that could have and should have been addressed in his initial petition. Therefore, the pending petition is successive. The Fifth Circuit has not issued an order authorizing this Court to consider McGee's successive petition. McGee must obtain such an order before he may file another petition for habeas relief under § 2254.

### III.

The Court should TRANSFER McGee's petition for a writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SO RECOMMENDED**

Signed March 15, 2023.   _____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)